CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
DEC 04 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| TONYA WADDELL, <br> (*for Jabrion K. Waddell*), <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 4:08CV00010 <br><br> REPORT AND RECOMMENDATION <br><br> By: B. Waugh Crigler <br> U. S. Magistrate Judge |

This *pro se* challenge to the Commissioner's final decision adopting the Administrative Law Judge's August 18, 2006 decision to deny plaintiff's claim for Supplemental Security Income benefits (child's disability), is before the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B), to conduct proceedings and to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand the case for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned RECOMMENDS that an Order enter DENYING the Commissioner's motion for summary judgment and REMANDING the case to the Commissioner for further proceedings under Sentence Four of 42 U.S.C. § 405(g).

In a decision eventually adopted as the Commissioner's final decision, an Administrative Law Judge ("Law Judge") found that plaintiff's child, Jabrion K. Waddell ("Jabrion"), was a school-age[1] child. (R. 18.) The Law Judge concluded that Jabrion had not engaged in substantial

---

[1]Plaintiff was born on July 1, 1995. (R. 18.) Under the Regulations, the term "school-age" child refers to a child age six to the attainment of age twelve. 20 C.F.R. §

gainful activity at any relevant time, and that he had the following severe impairments: attention deficient hyperactivity disorder ("ADHD") and oppositional defiant disorder. (*Id.*) It was found that he did not have an impairment or combination of impairments which meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the listings")[2], and that Jabrion did not have an impairment or combination of impairments which functionally equals the listings. (*Id.*) Though the Law Judge found that Jabrion's medically determinable impairments reasonably could be expected to produce the alleged symptoms, he concluded that the statements concerning the intensity, persistence and limiting effects of his symptoms were not "not entirely credible." (R. 19.) In assessing Jabrion's domains of function, the Law Judge found that he has a less than marked limitation in the following domains: acquiring and using information, attending and completing tasks, interacting and relating with others, and caring for himself. (R. 21-24.) The Law Judge further found no limitation in Jabrion's abilities to move about and manipulate objects and his health and physical well-being. (R. 23, 25.) The Law Judge ultimately found that Jabrion had not been disabled since March 24, 2004[3], the date the application was filed. (R. 25.)

Plaintiff appealed the Law Judge's August 18, 2006 decision to the Appeals Council. (R. 5-8.) She submitted additional evidence consisting of records from the Danville Public Schools

---

416.926a(h)(2)(iv).

[2]For adults, the listings address impairments of the major body systems which are severe enough to prevent an individual from performing any gainful activity. 20 C.F.R. § 416.925(a). However, as the listings apply to children, they describe impairments which cause marked and severe functional limitations. *Id.*

[3]Supplemental Security Income is not payable prior to the month after the application was filed. *See* 20 C.F.R. § 416.335.

2

dated August 2007. (R. 6, 167-186.) The Appeals Council found no reason to review the Law Judge's decision, specifically concluding that the evidence submitted did not affect the decision that Jabrion was not disabled on or before August 18, 2006. (R. 5.) This action ensued.

Under the Court's March 10, 2005 Standing Order, plaintiff had until September 4, 2008 to file her motion for summary judgment but failed to do so. On October 21, 2008, the undersigned entered an Order giving plaintiff until October 31, 2008 to show cause why her case should not be dismissed for failing to comply with the Standing Order. (Dkt. No. 13.) On October 29, 2008, plaintiff submitted a letter to the court which was docketed by the Clerk. (Dkt. No. 14.) The undersigned construes the letter both as a response to the October 21, 2008 show cause order and as a brief in support of plaintiff's complaint. (Dkt. No. 15.) On November 19, 2008, the Commissioner moved for summary judgment and filed a brief in support the motion. (Dkt. Nos. 17, 18.)

The Commissioner's regulations provide a three-part determination process for assessing a child's disability. *See* 20 C.F.R. § 416.924(b)-(d), (f). First, it must be determined whether the child is engaged in substantial gainful activity. *Id.* at 416.924(b). If so, the child is not disabled; if not, then it must be determined whether the child has a severe impairment or impairments. *Id.* at 416.924(b)-(c). If not, the child is not disabled; if so, then the question becomes whether the child's impairments meet, or medically or functionally equal, any listed impairment. *Id.* at 416.924(c)-(d). If they do not, then the child is not disabled. *Id.* at 416.924(d).

Where the child claimant's impairment or combination of impairments do not meet or medically equal the requirements of an impairment in the listings, the Commissioner will decide whether the impairment results in limitations which functionally equal such requirements. *See*

3

*id.* § 416.926a(a). To establish functional equivalence, the child must suffer a medically determinable impairment or combination of impairments which results in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. *See id.* A "marked" limitation in a domain exists when the child's impairment(s) seriously interferes with their ability to independently initiate, sustain, or complete activities. *See id.* § 416.926a(e)(2)(i). A "marked" limitation is "more than moderate" but "less than extreme," and may arise when one or several activities or functions are limited. *Id.* An "extreme" limitation exists when the child's impairment or combination of impairments impose(s) very serious restrictions on his/her ability to initiate, sustain, or complete activities independently. *Id.* § 416.926a(e)(3)(i). An "extreme" limitation does not necessarily mean there is a complete lack of ability to function, though it is "more than marked" and may arise when one or several activities or functions are limited. *Id.*

The Commissioner also must consider the child claimant's abilities in six functional domains, which are broad areas of functioning intended to capture all that the child can or cannot do. *See id.* § 416.926a(b)(1). These domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. *Id.* at 416.926a(b)(1)(i)-(vi).

Judicial review is limited to determining whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales,* 402 U.S. 389, 390 (1971), and whether the correct law was applied. *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990). The court is required to uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Pyles v. Bowen,* 849 F.2d 846, 848 (4th Cir. 1988) (citing *Smith v. Schweiker,* 795 F.2d 343,

345 (4th Cir. 1986)). "Substantial evidence" is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966.).

In her letter brief[4], plaintiff suggests that the condition of her son, Jabrion, has worsened, and that an additional evaluation of his condition is necessary. (Pl's Brief, pp. 1-2.) She notes that because of her son's behavior, he needs to be watched at all times, and on her small salary, she cannot afford to provide him with constant supervision. (Pl's Brief, p. 1.) Finally, plaintiff asks to "retry" her case, believing her son should be reevaluated as soon as possible. (Pl's Brief, p. 2.) Treating her argument as one challenging whether the record was has been sufficiently developed, the undersigned agrees and finds that remand is necessary.

While the claimant has the burden of providing evidence to support their disability claim, *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981), the Law Judge has a duty to adequately develop the record on all relevant facts and issues before making a final decision, *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). *Fitz v. Astrue*, 2008 WL 2514070, *3 (W.D. Va. June 19, 2008). Moreover, when a claimant is without representation at the hearing before the Law Judge, the Law Judge's duty to develop the record is heightened. *Id.* (citing *Sims v. Harris*, 631 F.2d 26, 28 (4th Cir. 1980)). Finally, the Law Judge simply is not permitted to rely on the evidence submitted by plaintiff when that evidence, itself, is inadequate. *Cook*, 783 F.2d at 1173; *Fitz*, 2008 WL 2514070, at *3.

---

[4]Plaintiff's October 29, 2008 letter is not paginated. The undersigned cites to physical page numbers for ease of reference.

At the January 24, 2006 hearing before the Law Judge, a psychologist, Marvin Gardner, served as the medical expert (ME). (R. 198-205.) Gardner testified he questioned whether the historical diagnosis that Jabrion suffered ADHD was accurate. (R. 202.) Specifically, Gardner noted the likelihood that Jabrion suffered a bipolar disorder, and that, if he did, the medications he was receiving for ADHD likely were making his symptoms worse. (*Id.*) Gardner believed that Jabrion's symptoms also could be caused by oppositional defiant disorder, which would not meet any listing. (R. 202-203.) In observing that the record evidence essentially made it too difficult for him to render a clear diagnosis, Gardner noted:

> If it's ADHD, it, it - - he certainly meets criteria A. If it is bipolar disorder, then he would, would also meet - - very likely meet the criteria for that with - - but no matter - - whether, whether the diagnosis is right or wrong, whether or not he meets some criteria A for some disorder, without - - on the child, without the complete educational records, I have no idea whether he meets criteria B for anything.

(R. 203.)

Even more pertinent to a decision here, the ME emphasized the need for further evidence, without which he did not "have the vaguest" notion about whether Jabrion met the criteria of any listed impairment. (*Id.*) Gardner believed that "there's all kinds of possibilities here that I would explore" in diagnosing the child. (R. 204.) To make matters more confusing, Gardner questioned the reason Jabrion was taking Risperdal,[5] which is an anti-psychotic medication not prescribed for the treatment of ADHD. (*Id.*) In short, Gardner believed the record before him raised as many issues as it resolved, and he certainly was of the view that "it's an insufficient [sic] developed case to give an opinion." (R. 203.)

---

[5]Plaintiff testified that, at the time of the hearing, Jabrion was taking Risperdal, Ritalin, and DBDAT. (R. 200.)

6

Here, plaintiff was proceeding *pro se* which heightened the Law Judge's duty to develop the record. *See Sims*, 631 F.2d. at 28 (citing *Crider v. Harris*, 624 F.2d 15, 16 (4th Cir. 1980)). The Commissioner's own ME found the record so inadequately developed that an appropriate impairment diagnosis, and consequently an appropriate determination of the effects resulting from such diagnosed impairment, could not be determined. This demonstrates to the undersigned both that the final decision in this case is not supported by substantial evidence, and that the case should be remanded for further proceedings where the case can be sufficiently developed so that informed diagnostic opinions concerning the child's impairments and their functional effects may be rendered.[6]

Accordingly, the undersigned RECOMMENDS that an Order enter DENYING the Commissioner's motion for summary judgment and REMANDING the case to the Commissioner for further proceedings under Sentence Four of 42 U.S.C. § 405(6).

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the

---

[6]On November 21, 2008, the Hon. Jackson L. Kiser, the same District Judge presiding in this case, decided *Haynes v. Astrue*, 2008 WL 5047665 (W.D. Va. November 21, 2008) which addressed the scope of the Commissioner's and a claimant's responsibilities relating to development of the record. The undersigned respectfully submits that this case falls within the line of those "extreme" cases where the Law Judge failed to explore all relevant facts and inquire into the issues necessary to develop the record. *Haynes*, 2008 WL 5047665, at *4 (citing *Cook*, 783 F.2d at 1168). Here, the Commissioner's own ME in this case put the Law Judge on notice that the record was insufficiently developed.

7

parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

December 4, 2008
Date